**DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ (State Bar # 62386)**
**COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
333 Pine Street, Suite 300
San Francisco, CA 94104-3381
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel.: (415) 989-4730     Fax: (415) 989-0491
Email: Cook@SqueezeBloodFromTurnip.com

**JONATHAN G. POLAK (Indiana Bar No. 21954-49)**
**SOMMER BARNARD PC**
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Tel.: 317-713-3500     Fax: 317-713-3699
Email: JPolak@sommerbarnard.com

**PETER T. HAVEN (California Bar No. 175048)**
**HAVEN LAW**
1100 Wilshire Boulevard, Suite 2702
Los Angeles, CA 90017
Tel. 213-415-1700     Fax: 213-415-1701
Email: Peter@HavenLaw.com
File No. 52,604

Attorneys for Plaintiff
RON GOLDMAN LLC, a Nevada limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RON GOLDMAN LLC, a Nevada limited liability company, | CASE NO. CV07-07767 CAS VBK |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| vs. | DEMAND FOR JURY TRIAL |
| THE PIRATE BAY, an entity whose organization is unknown and all those named in the attached sheet which is incorporated by reference as though set forth herein, | |
| Defendants. | |

Plaintiff complains of Defendants, and each of the same, for the following

claims upon which relief may be granted, as follows:

## ATTACHED SHEET

JOHN DOE I, individually and dba THE PIRATE BAY;

JOHN DOE II, individually and dba THE PIRATE BAY;

JOHN DOE III, individually and dba THE PIRATE BAY;

ABC, INC., a Swedish corporation dba THE PIRATE BAY;

BLACK & WHITE, a partnership dba THE PIRATE BAY;

THE PIRATE BAY, a joint association and/or partnership

**DEFENDANTS**

1      1. Plaintiff RON GOLDMAN LLC is a Nevada limited liability company,

2 whose place of business is 333 Pine Street, San Francisco, CA 94104-3381, and is

3 in the business of owning and holding copyrights to certain literary properties,

4 specifically, the book under the title of *If I Did It,* consisting of the confession by

5 Orenthal James Simpson aka O.J. Simpson ("Mr. Simpson"), of the murder of Ron

6 Goldman and Nicole Brown Simpson in 1994. Fredric Goldman and Kim Goldman

7 are the members of Ron Goldman LLC and constitute the father and sister of Ronald

8 Lyle Goldman, Deceased.

9      2. Defendants, and each of the same, are citizens and residents of the

10 Sovereign Country of Sweden, and operate a business generally known as "The

11 Pirate Bay" which is in Internet site which features movies, music, software, books,

12 and other literary items, for free and without charge or fee. A consumer may access

13 movies, music, books, and other literary items by the process of a "download"

14 which specifically means that with the "touch of a click," an individual may obtain

15 use, enjoyment, or exploitation of copyrighted materials, many of which is not even

16 available through a commercial demand, other than the right of first use by the

17 copyright holder. The Defendants, and each of the same, (hereinafter "The Pirate

18 Bay") pride themselves on the fact that they are immune to any legal attack,

19 injunction, restraining order, cease and desist order, issued by a United States Court,

20 that they categorically refuse, either in part or in whole, any request to "take down"

21 any of the materials which appear "on line" and boldly place on line protected and

22 copyrighted materials, indicating that they are not subject to the laws of the United

23 States. Defendants, and each of the same, are in the business of distributing and

24 making available for free protected and copyrighted materials from a whole host of

25 sources, and which include, but is not limited to, Plaintiff's property herein.

26 Defendants, and each of the same, announced to the world that they will never

27 remove any intellectual property, despite any demand or court order from the United

28 States Court.

3. Defendants, a corporation, partnership, and individuals, own and operate The Pirate Bay and upon completion of discovery, Plaintiff will assert their true names and capacities.

4. Defendants are agents, employees and servants of each other and committed the acts, conduct and activities within the scope of their agency and employment.

5. The court has subject matter over this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338.

6. Venue is proper pursuant to 28 U.S.C. 1391(b) because Plaintiff's claims arose in this district, and specifically as set forth below, many of the customers, accounts and advertisers have their place of business in the Central District of California. Defendants generate significant revenues by selling advertising to telecommunications companies, large vendors, merchants, retailers, online services, and other profit-making businesses, many of whom are located in this judicial district and/or have significant ties thereto. Many of the advertisers who sell, promote, or make available their products and services physically have locations in the Central District of California, such as and including, Wal*Mart, Jamster, The Wall Street Journal, AOL/Time-Warner, Target, among others.

7. O.J. Simpson in 1994 murdered Ronald Lyle Goldman and Nicole Brown Simpson, leading to his arrest and famous trial in which he was acquitted of any criminal charges therein. Thereafter, the Estate of Ronald Lyle Goldman and Nicole Brown Simpson filed civil actions, all of which led to significant judgments in the Los Angeles County Superior Court (Santa Monica) in which the judgment amounts were in the sum of approximately $33,500,000. The judgment in favor of Ronald Lyle Goldman has been renewed on 9/21/06 in which the renewal amount is in the sum of $38,250,000 plus, and the current unpaid balance is approximately $42,000,000. Under and pursuant to the judgment, Fredric Goldman, personal representative of the Estate, and as an individual, levied and executed upon all of the

1    right, title and interest of Mr. Simpson in and to that certain book, originally to be
2    published by Harper Collins in November of 2006 generally under the title of *If I*
3    *Did It.* Said levy in favor of Fredric Goldman had the effect of a lien and judicial
4    seizure under C.C.P. § 700.170. Thereafter pursuant to multiple orders of the state
5    court, the Sacramento County Sheriff was to sell the book *If I Did It* on 4/17/07, but
6    on 4/13/07, Lorraine Brooke Associates, the titleholder in and to the book rights,
7    filed bankruptcy in the United States Bankruptcy Court, Southern District of Florida
8    (Hon. A.J. Cristol, Judge Presiding, Case No. 07 -12641). After significant
9    litigation, the book rights based upon the original seizure, and in the name of
10   Lorraine Brooke Associates, was transferred to Fredric Goldman, or nominee, and a
11   copy of the order thereof is attached hereto marked *Exhibit "A"* and incorporated by
12   reference as though fully set forth herein. The court previously ruled that Lorraine
13   Brooke Associates is an alter ego of Mr. Simpson, and a copy of that order is
14   attached hereto marked *Exhibit "B"* and incorporated by reference as though fully
15   set forth herein. As a result thereof, Plaintiff became the owner and holder of all of
16   the intellectual property of that certain book and contents thereof generally known
17   as *If I Did It*, which includes the copyright thereto.

18        ·8. On 9/19/07, the book was published by way of a debut on the *Oprah*
19   *Winfry Show* and has risen to the level of No. 2 on the New York Times Best Seller
20   List, among other lists. Thereafter, Ron Goldman LLC, the owner and holder of the
21   copyright, filed the copyright registration with the United States Copyright Office, a
22   copy of which is attached hereto marked *Exhibit "C"* and incorporated by reference
23   as though fully set forth herein.

24        9. The Pirate Bay.com still has available on line *If I Did It* in its entirety,
25   which is the same as the *If I Did It* appearing in the book published by Ron
26   Goldman LLC. Plaintiff forwarded a cease and desist letter, a copy of which is
27   attached hereto marked *Exhibit "D"* and incorporated by reference as though fully
28   set forth herein.

1    10. At no time did Plaintiff authorize Defendants, or any one of the same, to

2 reproduce, adapt, distribute, copy, perform, place on line, make available, or permit

3 others to have access to the book *If I Did It.*

4    11. Plaintiff is suffering statutory damages in the amount of $150,000 based

5 upon the continued publication of *If I Did It* on Defendants' website. The book has

6 become particularly famous, in light of the notoriety (or infamy) enjoyed by Mr.

7 Simpson as a result of the 9/13/07 Las Vegas incident, in which he allegedly robbed

8 Bruce Fromong and Alfred Beardsley at the Palace Station Hotel and, as a result

9 thereof, Mr. Simpson has enjoyed now newfound international fame and publicity,

10 along with his worldwide publicity pre-existing the 9/13/07 incident. As a result

11 thereof, the book still continues to sell and others have an interest in which they may

12 obtain the contents of the book other than the Preface and Afterward, through the

13 download made available by Defendants.

14    12. Plaintiff is also entitled to recover from Defendants, and each of the

15 same, the gains, profits and proceeds from their illegal publication and otherwise

16 making available the entire book "on line" which it has obtained as a result of the

17 copyright infringement, which include, but are not limited, any and all advertising

18 revenues which the Defendants generate by the posting online of a massive

19 catalogue of copyrighted and protected entertainment protected owned by artists,

20 creators, corporate enterprises, public corporation, and private individuals, along

21 with Plaintiff. Defendants generate significant personal profits, gains, revenues and

22 returns from the active promotion, distribution and posting online of intellectual

23 property in which those rights are owned by third parties. Plaintiff is further entitled

24 to recover from Defendants the damages sustained by Plaintiff as a result of

25 Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain

26 the full extent of the monetary damage it has suffered by reason of Defendants' acts

27 of copyright infringement, but Plaintiff is informed and believes, and on the basis of

28 such information and belief allege, that Plaintiff has sustained such damaged in an

1   amount exceeding. $150,000.

2        13.  By reason of Defendants' infringement and threatened infringement,

3   Plaintiff has sustained and will continue to sustain substantial injury, loss and

4   damage to their ownership right to the copyrighted work.

5        WHEREFORE, Plaintiff prays for damages as follows:

6        1.  For actual damages in the statutory amount of $150,000, or such other

7   amount as the court may allow based on proof herein.

8        2.  For costs and reasonable attorneys fees.

9        3.  For such other and further relief as the court deems just and proper.

10  DATED:   November 28, 2007          COOK COLLECTION ATTORNEYS

11

12        :                              By:

                                         DAVID J. COOK, ESQ.
13                                       Attorneys for Plaintiff
                                         RON GOLDMAN LLC, a Nevada limited
14                                       liability company

15  fF:\USERS\DJCNEW\goldman.com

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT DEMAND FOR JURY TRIAL
CASE NO.                                                                    6

ORDERED in the Southern District of Florida on ___AUGUST 2, 2007.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

LORRAINE BROOKE ASSOCIATES,
INC.,

Debtor.

Case No. 07-12641-BKC-AJC
Chapter 7

_____/

**ORDER GRANTING MOTION OF DREW DILLWORTH, THE CHAPTER 7 TRUSTEE (I) TO APPROVE SETTLEMENT BETWEEN TRUSTEE DILLWORTH AND FREDRIC GOLDMAN AND (II) TO SHORTEN NOTICE PERIOD FOR APPROVAL OF SETTLEMENT**

This matter came before the Court for hearing on July 30, 2007 at 3:00 p.m. on (a) the

Motion of Drew Dillworth, Chapter 7 Trustee (the "Trustee") (I) to Approve Settlement Between

Trustee Dillworth and Fredric Goldman and (II) To Shorten Notice Period for Approval of

Settlement (C.P.# 149) (the "Original Motion"), and (b) the Trustee's Supplement to the

Settlement Motion (C.P.#169)(the "Supplement")(the Original Motion and the Supplement are

hereinafter referred to as the "Motion"). Pursuant to the Motion, the Trustee seeks approval of a

settlement and compromise pursuant to Bankruptcy Rule 9019 and sections 363 and 365 of the Bankruptcy Code between the Trustee, on behalf of the Debtor's estate, and Fredric Goldman in accordance with the terms of that certain Settlement Agreement, dated July 2, 2007, a copy of which is attached to the Motion, as amended by the certain First Amendment to Settlement Agreement, dated July 30, 2007, a copy of which is attached hereto (the "First Amendment") (collectively, the "Settlement Agreement").[1]

The Court conducted a hearing on the Original Motion on July 11, 2007 (the "Initial Hearing"). At the Initial Hearing, the Court considered the Original Motion and, pursuant to an order of the Court, dated July 12, 2007 (C.P.# 165), continued the hearing on the Original Motion to July 30, 2007, shortened the bar date for filing proof of claims in this case to July 23, 2007 (the "Bar Date") and ordered that any party objecting to the Original Motion or any supplement thereto file an objection on or before July 26, 2007 and show cause at the hearing on July 30, 2007 why the Original Motion, as it may be supplemented, should not be approved.

On July 10, 2007, an Objection to the Original Motion was filed by Louis Brown, as the executor and personal representative of the Estate of Nicole Brown Simpson (C.P. #164)(the "Brown Objection"). On July 11, 2007, the Trustee filed his Response to the Brown Objection (C.P.# 163)(the "Trustee Response"). Also, on July 11, 2007, Fredric Goldman ("Goldman") filed his response to the Brown Objection (C.P.# 161) (the "Goldman Response"). No further objections to the Motion were filed.

The Court, upon reviewing and considering the Original Motion, the Supplement, the Brown Objection, the Trustee Response and the Goldman Response, upon hearing argument of counsel, having been advised of the First Amendment, upon hearing from the Trustee as to his

---

[1] Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2

recommendations and business judgment, upon the review of the claims filed in this case as of the Bar Date, upon review of the entire record in this case, and otherwise being fully advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law.

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Proper, timely, adequate and sufficient notice of the Motion and hearings on the Motion has been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007 and 9014, the local rules of this Court and the procedural due process requirements of the United States Constitution. No other or further notice of the Motion, the hearings thereon or of the entry of this Order is necessary.

D.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons, creditors and entities, including, without limitation: (i) all entities who claim any interest in or lien upon the Book Rights, as hereinafter defined; (ii) the non-debtor party to the HC Contract, as hereinafter defined, assumed and assigned pursuant to this Order; (iii) all parties who filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (iv) all creditors of the Debtor; and (vi) the Office of the United States Trustee ("UST").

3

E.  The Court finds that the Debtor and Debtor's bankruptcy estate owns and has good title to, among other things, (i) that certain publishing contract, dated May 8, 2006, between HarperCollins Publishers, Inc. and the Debtor (the "HC Contract") and all rights thereunder including the right of reversion, (ii) all rights to the book entitled "If I Did It" (the "Book"), (iii) the rights granted and transferred to the Debtor by Orenthal James Simpson ("Simpson") under and related to that certain License Agreement, dated April 11, 2006 from Simpson to the Debtor (the "License Agreement"), including specifically Simpson's intellectual property rights, consisting among other things, of Simpson's name, facsimile signature, nickname, likeness, life story, right of publicity and auto biographical sketch on or in connection with the writing and publishing of the Book and the right to use such intellectual property in connection with the Book ("Simpson's Intellectual Property"), and (iv) all rights and proceeds related to and from the HC Contract, the Book and the License Agreement, including without limitation, (a) the copyright, (b) media rights, (c) movie rights, (d) contents, and (e) all ancillary rights related and incident thereto (collectively, the "Related Rights"). For purposes of this Order, the HC Contract, the Book, the License Agreement and the Related Rights shall be collectively referred to herein as the "Book Rights".

F.  The Court is thoroughly familiar with the facts of this case, including specifically the secured claim filed by Goldman against the Debtor's estate in the amount of $38,250,060.90 (the "Goldman Claim") and the underlying basis for the asserted secured claim by Goldman in the Book Rights. The Court has considered the Brown Objection, the cases, statutes and pleadings referenced by counsel to Brown at the hearing and the argument of counsel to Brown at the hearing in connection with potential objections to and litigation over the secured nature of the Goldman Claim, including, without limitation, the allegation that such secured claim can be

4

avoided as a preference under section 547 of the Bankruptcy Code. The Court has also considered the various defenses that could be asserted by Goldman in respect of such litigation and has considered the expense and delay associated with any such litigation, the effect of such delay on the Book Rights and the Trustee's business judgment to settle such issues through the settlement and compromise contained in the Settlement Agreement. The Court is not persuaded by the sole objecting party who presented no evidence or persuasive argument as to why the sale should not take place, but rather focused on delaying proceedings until the other matters were resolved. The sole objecting party did not present any offer to purchase the Book Rights nor did anyone else for that matter. Accordingly, the Court finds that any such litigation with Goldman over the secured nature of the Goldman Claim (i) will be expensive to litigate, including through appeals, (ii) will cause a significant delay in the Trustee's ability to monetize the Book Rights, and (iii) is subject to substantial risk that the Trustee may lose such litigation, thereby causing the Debtor's estate to lose the opportunity to share in the value of its potentially most valuable asset.

G.    The Court also considered the paramount interest of creditors in this case. First, no creditor other than Brown filed an objection to the Settlement Agreement. Second, Pablo Fenjves, who is the ghostwriter of the Book and filed a secured claim against the Book, appeared through counsel at the hearing and affirmatively supported the Settlement Agreement.

H.    The Court also finds that the consideration proposed to be paid under the Settlement Agreement by Goldman, or an entity owned and controlled by Goldman, including Ron Goldman, LLC (the "Purchaser"), for the Book Rights is fair, is in the best interest of the Debtor's estate and constitutes full and adequate consideration and reasonably equivalent value for the Book Rights. In connection therewith, the Court finds that Goldman, through his actions,

5

has demonstrated that he is the person most willing and incentivized to maximize the value of the Book Rights, which in turn provides a direct benefit to the Debtor's estate through the terms of the Settlement Agreement. The Court has heard and accepts the representation of Goldman at the hearing that he will use his best efforts to maximize the value of the Book Rights. The Court also notes that no other offers were submitted to purchase the Book Rights from the objecting party or anyone else.

I.     In reaching the findings and conclusions herein and having heard and considered the Trustee's analysis of the Settlement Agreement, the probability of success on litigation claims involving the secured nature of the Goldman Claim and the present financial condition of Debtor's estate, the Court has considered and balanced (i) the probability of success on the merits of the potential litigation claims against the Goldman Claim, (ii) the difficulties to be encountered in the collection on any such litigation claims, (iii) the complexity of such litigation and the expense, inconvenience and delay associated with such litigation, and (iv) the paramount interests of creditors. See In re Justice Oaks II, Ltd., 898 F.2nd 1544, 1549 (11th Cir. 1990). The Court has also given a proper deference to the reasonable views of creditors in this chapter 7 case. See Id.

J.     The Court also gives proper weight to (i) the Trustee's informed judgment as to the Settlement Agreement. See In re Carla Leather, Inc., 44 Bankr. 457, 11 Collier Bankr. Cas. 2d (MB) 622 (Bkrtcy.S.D.N.Y. 1984), aff'd, In re Carla Leather, Inc., 50 Bankr. 764, 13 Bankr. Ct. Dec. (CRR) 650 , CCH Bktcy.L.Rptr. para. 70,640 (S.D.N.Y. 1985), and (ii) the competency and experience of Trustee's counsel in supporting the Settlement Agreement. See In re Texaco, Inc., 84 Bankr. 893, 17 Bankr. Ct. Dec. (CRR) 483, CCH Bktcy.L.Rptr. para. 72,235 (Bkrtcy.S.D.N.Y. 1988).

6

K.     The settlement and compromise contained in the Settlement Agreement is fair and equitable and is in the best interest of the Debtor's estate.  See Pro tective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 20 L. Ed. 2d 1, 88 S. Ct. 1157 (1968).

L.     The settlement and compromise contained in the Settlement Agreement clearly falls well above the lowest point in the range of reasonableness.  See In re Arrow Air, Inc., 85 B.R. 886 (Bankr. S.D. Fla. 1988); In re Martin, 91 F.3d 389 (3rd Cir. 1996).

M.     Neither Goldman nor the Purchaser is an insider, as that term is defined in section 101(31) of the Bankruptcy Code and the decisions thereunder.  Goldman and the Purchaser are purchasers in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and are entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to the Book Rights. The Settlement Agreement was negotiated and entered into in good faith, based upon arm's length bargaining and without collusion.  Neither the Trustee nor Goldman nor the Purchaser have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n) to the Settlement Agreement. Therefore, the sale of the Book Rights has been proposed in good faith. See In re After Six, Inc., 154 B.R. 876, 883 (Bankr. E.D. Pa. 1993); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 149 (3d Cir. 1986).

N.     The Court finds that the sale of the Book Rights and the assumption and assignment of the HC Contract to the Purchaser under the Settlement Agreement is within the "sound business judgment" of the Trustee pursuant to Section 363(b) and 365 of the Bankruptcy Code.  In re Ionosphere Clubs, Inc., 184 B.R. 648, 653 (S.D.N.Y. 1995);  In re Delaware & Hudson Railway Co., 124 B.R. 169, 175-176 (D. Del. 1991); In re Titusville Country Club, 128

7

B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Country Club Estates at Aventura Maintenance Association, Inc., 227 B.R. 565, 568 (Bankr. S.D. Fla. 1998).

O.     The sale of the Book Rights to the Purchaser satisfies the conditions of Section 363(f)(2) of the Bankruptcy Code as the only other person who has asserted a lien or security interest in the Book Rights, namely Pablo Fenjves, supports the Settlement Agreement.

P.     The Trustee, on behalf of the Debtor's estate, has the full corporate power and authority to execute the Settlement Agreement and all other documents contemplated thereby and to consummate the sale of the Book Rights to the Purchaser. No consents or approvals are required to consummate such transactions.

Q.     The Trustee and Purchaser have, to the extent necessary, satisfied the requirements of Bankruptcy Code section 365, including sections 365(b)(1) and 365(f)(2), in connection with the sale and the assumption and assignment of the HC Contract.

R.     In the absence of a stay pending appeal, Goldman and the Purchaser will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Settlement Agreement at any time on or after entry of this Order and cause has been shown as to why this order should not be subject to the stay provided by Fed R. Bankr. P. 6004(g) and 6006(d).

S.     The Court finds and concludes that there is a broad public policy in favor of settling litigation matters. See In re Munford, 97 F.3d 449 (11th Cir. 1996).

**THEREFORE, BASED UPON THE FOREGOING, the Court ORDERS AND ADJUDGES** as follows:

1.     The Motion is granted in its entirety.

2.     The Brown Objection is overruled.

8

3.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§157 (b)(1) and 1334(b).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

5.     The Settlement Agreement, and each of the terms and conditions therein, is approved in full.

6.     The Trustee shall be, and is, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Book Rights to the Purchaser pursuant to the Settlement Agreement.  The Trustee shall be, and is, authorized, empowered and directed, pursuant to section 365 of the Bankruptcy Code, to assume and assign the HC Contract to the Purchaser pursuant to the Settlement Agreement.  Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Book Rights and the assumption and assignment of the HC Contract pursuant to the Settlement Agreement and this Order shall be free and clear of any and all liens, claims, encumbrances, interests and other liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Interests").

7.     The sale of the Book Rights to the Purchaser shall constitute a legal, valid and effective transfer of the Book Rights notwithstanding any requirement for approval or consent by any person, including without limitation, Simpson, and shall vest Purchaser with all right, title

9

and interest in and to the Book Rights, free and clear of all Liens and Interests. Specifically, the right, title and interest in the Book Rights being irrevocably and in perpetuity sold and transferred to the Purchaser hereunder by the Trustee includes, without limitation, (a) the right to all intellectual property contained therein, including Simpson's Intellectual Property, the story, the plot line, verbiage, theme, content, copyright, language, pictures, diagrams and other materials contained therein, (b) the right to transfer, sell, convey, assign, distribute, encumber, mortgage, hand over, alienate or dispose of the Book Rights, or any portion thereof, (c) the right to copyright and any renewals thereof, (d) the right to engage in any act of licensing or sublicensing, whether exclusively or non-exclusively, involving or related to the Book Rights, or any portion thereof, (e) any and all rights to exploit, sell, merchandise, serialize, publish, transfer, distribute, change, alter (including changing the title) or otherwise take advantage thereof or dispose of the Book Rights, or any portion thereof, (f) the right to make a movie, video, audio tape, theatrical presentation, live presentation, television show, cable show, webpage, doll, figurine or any other physical object, documentary, digital or electronic presentation in respect of the Book Rights or any portion thereof, (g) the right to distribute, produce, manufacture, present, electronically store or digitize the Book Rights or any portion thereof or to make them available on the internet or other electronic medium, (h) the right to publically display, publish, disseminate, store copies of the Book Rights on any electronic or other digital medium, make such copies available to the public in any electronic or digital form or medium, hold or retain such copies in any digital, electronic or web based format, or copy, replicate, release or transmit the Book Rights, and (i) to receive any and all profits and proceeds from the Book Rights or any of the activities described herein, subject to the rights of the Debtor's estate to be paid under the Settlement Agreement.

10

8.     The exploitation of the Book Rights as described and contemplated herein by the Purchaser shall not require the consent, approval, acquiescence, permission or authority of Simpson or the Debtor, or any of the Debtor's officers, directors, shareholders, agents, employees, licensor, successors or assigns or any person on its behalf the Debtor.

9.     All persons or entities, presently or on or after the Closing Date with access to or in possession or control of some or all of the Book Rights, or any assets related thereto, are directed to provide access to and surrender possession of the such assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

10.    The sale of the Book Rights to Purchaser under the Settlement Agreement constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

11.    Purchaser is granted and is entitled to the protections provided to a good faith Purchaser under section 363(m) of the Bankruptcy Code in respect of the purchase of the Book Rights, including with respect to any assignment of the HC Contracts as part of the sale of the Book Rights pursuant to section 365 of the Bankruptcy Code and this Order.

12.    The Purchaser has satisfied all requirements under sections 365(b)(1) and 365 (f)(2) of the Bankruptcy Code with respect to the HC Contract. The Court concludes that no defaults exist on the part of the Debtor under the HC Contract and therefore there are no cure costs required in connection with the assumption and assignment of the HC Contract. The assumption by the Trustee of the HC Contract and the assignment of the HC Contract to the Purchaser, as provided for or contemplated by the Settlement Agreement, be, and is, authorized and approved, and the HC Contract shall be in full force and effect and assumed by the Trustee and assigned and sold to the Purchaser pursuant to sections 363 and 365 of the Bankruptcy Code.

11

The HC Contract shall be transferred and assigned to, and shall remain valid and binding and in full force and effect for the benefit of, the Purchaser in accordance with its terms. Any and all provisions in the HC Contract that prohibit or condition the assignment of the HC Contract or allow the party to the HC Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of the HC Contract constitute unenforceable anti-assignment provisions which are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to the Purchaser of the HC Contract have been satisfied and the Purchaser shall be fully and irrevocably vested in all right, title and interest of the HC Contract. Upon assignment of the HC Contract to the Purchaser, no default shall exist under the HC Contract and no non-Debtor party to the HC Contract shall be permitted to declare a default by the Purchaser thereunder or otherwise take action against the Purchaser as a result of any Debtor's financial condition, bankruptcy or failure to perform any of such Debtor's obligations thereunder. Upon entry of this Order and the assumption and assignment of the HC Contract, the Purchaser shall be deemed in compliance with all terms and provisions of the HC Contract. Notwithstanding the foregoing, it is not the intent of the Settlement Agreement or the assumption and assignment of the HC Contract hereunder to convey to the Purchaser any claims, causes of action or rights of recovery that the Debtor's estate may have against Harper Collins or any third parties for claims arising out of or related to the HC Contract. The Debtor's estate shall retain all such rights and to the extent necessary the Purchaser conveys and assigns to the Trustee for the benefit of the Debtor's estate any such claims or recoveries and the Trustee shall retain the standing to pursue such claims for the benefit of the estate. The Purchaser agrees to execute any and all necessary documents to effectuate this provision.

12

13.　This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Trustee, the Debtor, the Debtor's bankruptcy estate and the Purchaser, and their respective successors and assigns, including without limitation, any subsequent trustee hereinafter appointed for the Debtor's estate.

14.　This Court shall retain jurisdiction to enforce the provisions of this Order and the Settlement Agreement and to resolve any dispute concerning this Order, the Settlement Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Settlement Agreement and this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Book Rights, including any challenges thereto, and all issues and disputes arising in connection with the relief authorized herein.

15.　Notwithstanding the provisions of Bankruptcy Rules 6004(g) and 6006(d), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self executing. In the absence of any entity obtaining a stay of this Order pending appeal, the Trustee and the Purchaser are free to close under the Settlement Agreement in accordance herewith. In the absence of any entity obtaining a stay of this Order pending appeal, if the Trustee and the Purchaser close under the Purchase Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protection of section 363(m) of the Bankruptcy Code as to all aspects of the transactions pursuant to the Settlement Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

16.　The sale approved by this Order is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

13

17.    The Trustee is authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Trustee or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Settlement Agreement and this Order, including without limitation, bills of sale, assignments, releases, certificates, affidavits and similar documents required pursuant to the Settlement Agreement.

18.    Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtor, any of its officers, directors, shareholders, agents, or representatives, Simpson and any and all creditors of the Debtors or Simpson shall be barred, estopped and enjoined from taking any action of any kind against the Purchaser or the Book Rights to impair or adversely affect the Book Rights or the value thereof, including on account of any claim against the Debtor, Simpson or the Book Rights.

19.    The Purchaser is not a successor to the Debtor or its estate by reason of any theory of law or equity and the Purchaser shall not assume or in any way be responsible for any liability or obligation of any of the Debtor and/or its estate (whether direct or indirect, liquidated or unliquidated, choate or inchoate, or contingent or fixed).

20.    The failure specifically to include any particular provisions of the Settlement Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Trustee and the Purchaser that the Settlement Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

21.    From and after eighteen (18) months after the date of this Order, in the event that the Book Rights have not resulted in the payment of any monies to the Debtor's estate, then the Trustee or any creditor may file a motion seeking to obtain a report from the Purchaser as to the

14

then present status of the exploitation of the Book Rights and the Court shall consider any appropriate relief at such time.

#### 

Submitted by:
Paul J. Battista, Esq.
Genovese, Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile (305) 349-2310

Copies Furnished to:
Paul J. Battista, Esq.
(Attorney Battista is directed to serve a copy of this Order upon all parties in interest)

15

## FIRST AMENDMENT TO SETTLEMENT AGREEMENT

This First Amendment to Settlement Agreement, dated July ___, 2007 (this "Amendment"), is by and among Drew Dillworth, in his capacity as the Chapter 7 trustee ("Trustee Dillworth") for the bankruptcy estate (the "Bankruptcy Estate") of Lorraine Brooke Associates, Inc. (the "Debtor") and Fredric Goldman, individually and as the personal representative of the estate of Ronald Lyle Goldman, Deceased ("Goldman").

## RECITALS

A.      On April 13, 2007 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court"), Case No. 07-12641-BKC-AJC (the "Bankruptcy Case").

B.      On April 18, 2007, Goldman filed a secured claim against the Debtor's estate (the "Bankruptcy Estate") in the amount of $38,250,060.90 (the "Goldman Claim"), which Goldman Claim was amended on June 7, 2007.

C.      On July 2, 2007, Trustee Dillworth and Goldman entered into that certain Settlement Agreement in respect of the Goldman Claim (the "Settlement Agreement").[1]

D.      On July 2, 2007, Trustee Dillworth filed his Motion of Drew Dillworth, the Chapter 7 Trustee (I) to Approve Settlement Between Trustee Dillworth and Fredric Goldman, Motion, and (II) to Shorten Notice Period for Approval of Settlement (the "Motion").

E.      On July 11, 2007, the Court held a hearing on the Motion, at which hearing there was discussion about making certain amendments to the Settlement Agreement to improve the Settlement Agreement for the benefit of the bankruptcy estate.

F.      Subsequent to such hearing, Trustee Dillworth and Goldman conducted further good faith negotiations and have agreed to amend the Settlement Agreement pursuant to the terms hereof.

NOW THEREFORE, in consideration of the terms and conditions contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      Section 6(ii) and (iii) of the Settlement Agreement are hereby deleted and replaced with the following:

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Settlement Agreement.

(ii) the Purchaser agrees to pay, and Goldman agrees to cause the Purchaser (or have the publisher directly) to pay, the Estate Fee, as hereinafter defined, to Trustee Dillworth for the benefit of the Bankruptcy Estate'

"(iii) Goldman agrees to subordinate the Goldman Allowed Unsecured Claim to the payment in full of all unsecured claims asserted against the Bankruptcy Estate that have been allowed by a final and non-appealable order of the Bankruptcy Court or are not the subject of an objection to claim, provided however that the subordination contained herein shall be limited solely to the distribution of the Estate Fee after payment of a pro rata share of allowed administrative claims from the Estate Fee and shall not apply to the distribution of any other property from the estate."

2. Section 9 of the Settlement Agreement is hereby deleted in its entirety and replaced with the following:

"9. Goldman agrees to assign and transfer to the Trustee and the estate any and all recoveries obtained from any and all claims, causes of action and rights to damages that Goldman has against TMZ Productions, Inc. or any of its affiliates or persons or entities controlling or responsible for the website TMZ.com and/or for the posting of the Book and/or excerpts of the Book on the TMZ.com website (the "TMZ Entities"), including, without limitation, any claims and causes of action for violation of the automatic stay or otherwise, including under section 362(k) of the Bankruptcy Code or otherwise. Goldman also agrees to cooperate with Trustee Dillworth in the evaluation and prosecution of any and all such claims and causes of action against the TMZ Entities. For avoidance of doubt, the settlement contained herein, including the sale of the Book Rights to the Purchaser, shall not adversely affect, discharge, release or extinguish any and all claims, causes of action and/or rights of Trustee Dillworth and Goldman against the TMZ Entities, all such claims, causes of action and rights being specifically reserved herein."

3. Except as specifically amended or modified herein, the Settlement Agreement shall remain in full force and effect.

4. This Amendment may be executed in one or more counterparts and by different parties in separate counterparts. All such counterparts shall constitute one and the same agreement and shall become effective when one or more of the counterparts of this Amendment have been signed by each of the signatories. The parties may execute

this Amendment in any number of actual or telecopied counterparts and by the different parties on separate counterparts, each of which when so executed shall be an original.

5.    The parties hereto have had the full opportunity to consult with legal counsel and have reached this Amendment to resolve the matters set forth herein so as to avoid the cost, risk and delay of litigation and agree to enter into this Amendment as evidence of that resolution.

6.    This Amendment may only be modified by a written modification signed by each party hereto.

7.    The terms and provisions of this Amendment shall be binding on and shall inure to the benefit of the parties hereto and their respective heirs, administrators, executors, personal representatives, successors and permitted assigns.

IN WITNESS WHEREOF, the parties have executed and deliver this Amendment as of the date first written above.

Drew Dillworth, Chapter 7 trustee for
Lorraine Brooke Associates, Inc.

Fredric Goldman, individually and as
the personal representative of the estate of
Ronald Lyle Goldman, Deceased

1   **JONATHAN G. POLAK (Indiana Bar No. 21954-49)**
    **SOMMER BARNARD PC**
2    JPolak@sommerbarnard.com
    One Indiana Square, Suite 3500
3   Indianapolis, Indiana 46204
    Telephone: 317-713-3500
4   Facsimile: 317-713-3699

5   **PETER T. HAVEN (California Bar No. 175048)**
     P.Haven@mpglaw.com
6   One Wilshire Boulevard, Suite 2000
    Los Angeles, CA 90017-3383
7   Telephone: 213-629-7600
    Facsimile: 213-624-1376

8
    **DAVID J. COOK, ESQ. (California Bar No. 060859)**
9   **COOK, PERKISS & LEW, P.L.C.**
     Cook@OJTOPAY.com
10  333 Pine Street, Suite 300
    San Francisco, CA  94104-3381
11  Telephone: 415-989-4730
    Facsimile: 415-989-0491
12  File No. 51,542

13  Attorneys for Plaintiff FREDRIC GOLDMAN, an individual, and
    as personal representative of the Estate of Ronald Lyle Goldman, Deceased

14

15              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

16       COUNTY OF LOS ANGELES: WEST DISTRICT (SANTA MONICA COURTHOUSE)

17                    UNLIMITED CIVIL JURISDICTION

18  FREDRIC GOLDMAN, an individual,     )   CASE NO.  SC 036340
    and as personal representative of the )
19  Estate of Ronald Lyle Goldman,      )
    Deceased,                            )   ORDER DECLARING LORRAINE BROOKE
20                                       )   ASSOCIATES, INC. A SURROGATE OF
                                         )   ORENTHAL JAMES SIMPSON
21            Plaintiff,                 )
                                         )
22  vs.                                  )
                                         )   Date:  March 23, 2007
23  ORENTHAL JAMES SIMPSON,              )   Time:  8:30 a.m.
                                         )   Dept.: A
24            Defendants.                )   Judge: Gerald Rosenberg
                                         )

25

26

27

28

F I L E D
LOS ANGELES SUPERIOR COURT

MAR 2 3 2007

JOHN A. CLARKE, CLERK
BY RUTH MIKLOS, DEPUTY

1

*and the March 13, 2007 Order*

1    Based upon the ex parte application *,* commanding the Sheriff to set a date, time and place

2    to sell all right, title and interest of ORENTHAL JAMES SIMPSON and LORRAINE BROOKE

3    ASSOCIATES INC. in and to that certain contract dated May 8, 2006 by and between Lorraine

4    Brooke Associates, Inc. and HarperCollins Publishers, Inc., and all rights therein, and the Sheriff

5    of the County of Sacramento requesting clarification therein, and under C.C.P. § 699.070, and for

6    good cause appearing, therefore,

7        IT IS HEREBY ORDERED that the Sheriff of the County of Sacramento shall set a date as

8    soon as possible for the sale of all right, title and interest of ORENTHAL JAMES SIMPSON and

9    LORRAINE BROOKE ASSOCIATES INC. in and to that certain contract dated May 8, 2006 by

10    and between Lorraine Brooke Associates, Inc. and HarperCollins Publishers, Inc., and all rights

11    therein. *(Hereafter "Book Rights")*

12        IT IS FURTHER ORDERED that Lorraine Brooke Associates, Inc. be and the same is

13    deemed, adjudicated, and held to be a surrogate of ORENTHAL JAMES SIMPSON, all as more

14    particularly set forth in the order of March 13, 2007, *but limited to*

15    *the aforementioned Book Rights.*

16    DATED: *3-23-07*  _____

17                        GERALD ROSENBERG
                        JUDGE OF THE SUPERIOR COURT

18    F:\USERS\DJCNEW\OJ.ord4

19

20

21

22

23

24

25

26

27

28

2

ORDER DECLARING LORRAINE BROOKE ASSOCIATES, INC. A SURROGATE OF ORENTHAL JAMES

## PROOF OF SERVICE

| | |
|---|---|
| ORENTHAL JAMES SIMPSON<br>9450 S.W. 112th Street<br>Miami, FL 33156 | *Fax 310-785-4601*<br>KENNETH D. KLEIN<br>NEIL R. O'HANLON<br>HOGAN & HARTSON |
| *Fax (954) 760-9040*<br>YALE L. GALANTER<br>THE LAW OFFICES OF YALE L.<br>GALANTER, P.A.<br>525 South Andrews Avenue<br>Ft. Lauderdale, FL 33301 | 1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br><br>*Via Fax 626-602-3827 & U.S. Mail*<br>TAPPAN ZEE<br>ZEE LAW GROUP |
| *Fax 305-444-8138*<br>LORRAINE BROOKE ASSOCIATES<br>3340 S.W. 32nd Avenue<br>Miami, FL 33133<br>Attn: LEONARDO STARKE | 323 W. Valley Blvd., Suite 200<br>Alhambra, CA 91803-3339<br><br>*916-874-8207 & U.S. Mail*<br>JAMES WRIGHT, DEPUTY<br>SACRAMENTO COUNTY COUNSEL |
| *Fax (213) 624-7536*<br>RONALD P. SLATES<br>RONALD P. SLATES, A PROFESSIONAL<br>CORPORATION<br>523 West Sixth Street, Suite 502<br>Los Angeles, CA 90014-1225 | 700 H Street, Suite 2650<br>Sacramento, CA 95814 |

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 333 Pine Street, 3rd Floor, San Francisco, CA 94104. On the date set forth below, I served the attached:

ORDER DECLARING LORRAINE BROOKE ASSOCIATES, INC. A SURROGATE OF ORENTHAL JAMES SIMPSON

on the above-named person(s) by:

___XXX___ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

___XXX___ (BY FACSIMILE TRANSMISSIONS) in addition, causing said document to be transmitted to said party and/or counsel via facsimile transmission at his/her facsimile phone number listed above without exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2007 at San Francisco, California.

_____
Karene Jen



THE DOCUMENT TO WHICH THIS CERTIFICATE IS
ATTACHED IS A FULL, TRUE, AND CORRECT COPY
OF THE ORIGINAL ON FILE AND OF RECORD IN
MY OFFICE.          MAR 23 2007

ATTEST _____

JOHN A. CLARKE, CLERK, Executive Officer/Clerk of the
Superior Court of the State of California for the County
of Los Angeles.

By _____ _____ Deputy

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

# Form TX

For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

TX TXU

EFFECTIVE DATE OF REGISTRATION

Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

IF I DID IT

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2** a NAME OF AUTHOR ▼

O. J. Simpson

DATES OF BIRTH AND DEATH
Year Born ▼ 1947 Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

coauthor of text in pages 1-196

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

b NAME OF AUTHOR ▼

Lorraine Brooke Associates, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶ United States

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

coauthor of text in pages 1-196

c NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3** a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.

2006 ◀ Year

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.

Month ▶ Sept. Day ▶ 13 Year ▶ 2007

United States ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Ron Goldman, LLC
333 Pine Street, 3rd Floor
San Francisco, CA 94014

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Written document

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ______ pages

| EXAMINED BY | | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▶            **Year of Registration** ▶

**6** **DERIVATIVE WORK OR COMPILATION**
**a** **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**b** **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space

**7** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**a** **Name** ▼                              **Account Number** ▼

**b** **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼
Sommer Barnard, PC   Attn: Jonathan G. Polak
One Indiana Square, Suite 3500
Indianapolis, IN  46204

Area code and daytime telephone number ▶ 317-713-3500              Fax number ▶ 317-713-3699
Email ▶   jpolak@sommerbarnard.com

**8** **CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Ron Goldman, LLC
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jonathan G. Polak                              Date ▶ Sept. 24, 2007

Handwritten signature ▼

**9** 
Certificate
will be
mailed in
window
envelope
to this
address:
**Name** ▼
Sommer Barnard, PC    Attn: Jonathan G. Polak
**Number/Street/Apt** ▼
One Indiana Square, Suite 3500
**City/State/Zip** ▼
Indianapolis, IN  46204

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6222

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form TX - Full  Rev 11/2006  Print: 11/2006 — 30,000  Printed on recycled paper                              U.S. Government Printing Office: 2006-xx-xxx/xx

# SOMMER BARNARD PC

JONATHAN G. POLAK
(317) 713-3500
jpolak@sommerbarnard.com

August 3, 2007

*Via First Class Mail*

The Pirate Bay
Gottfrid Svartholm
Box 161
Stockholm, Sweden  11479

FILE COPY
8|3|07

**Re:**    *The Pirate Bay's Unauthorized Distribution of the IF I DID IT© Manuscript*

Dear Mr. Svartholm:

This firm represents Fred Goldman, and his copyright management subsidiary, Ron Goldman, LLC, which hereinafter shall together be collectively referred to as "Goldman." Goldman is the exclusive legal and beneficial copyright owner of the original work of authorship IF I DID IT© (hereinafter, the "IF I DID IT© Manuscript"), including all print and electronic versions of the IF I DID IT© Manuscript and all compilations and derivative works thereof.

The IF I DID IT© Manuscript is protected by a variety of state, federal and common laws, including Title 17 of the Unites States Code §106, the Copyright Act of 1976 and several recognized international copyright laws.

It has recently come to our attention that through your website, www.thepiratebay.com, you are illegally distributing unauthorized electronic copies of the IF I DID IT© Manuscript. Specifically, you are encouraging and inducing users of your website to download portable document format ("PDF") copies of the IF I DID IT© Manuscript, evidence of which is hereto attached as **Exhibit A** (hereinafter, the "Infringing Material").

Distribution of the IF I DID IT© Manuscript by persons or entities not affiliated with Goldman can result in considerable damage to our client's economic, literary and moral rights. Your distribution of the IF I DID IT© Manuscript constitutes an illegal copyright infringement and will undoubtedly cause dilution of our client's business assets.

Due to the fame associated with the IF I DID IT© Manuscript, we assume that you were aware of such rights when you began copying and distributing the Infringing Material. Therefore, your distribution of the Infringing Material appears to be a willful attempt to violate our client's intellectual property rights.

Our client has several options to enforce its legal rights. For example, it could choose to file a federal lawsuit against you seeking: (i) preliminary and permanent injunctive relief; (ii) money damages; (iv) compensation equal to all of your profits; (v) reimbursement for all of its



Gottfrid Svartholm
August 1, 2007
Page 2

attorney's fees, which can quickly become significant; (vi) statutory damages in an amount up to $150,000 per act of infringement; and/or (vii) criminal prosecution under 17 U.S.C. §506.

However, at this time, our client wishes to resolve this matter amicably, without resorting to litigation. In order for an amicable resolution to be possible, we require that the following be delivered to our offices by no later than the end of business on **August 17, 2007**:

(1) your written agreement that you will immediately cease and desist all use (i.e including all importing and exporting) of the IF I DID IT© Manuscript;

(2) your written agreement that you will not use the IF I DID IT© Manuscript, or any other intellectual property owned by Fred Goldman or his subsidiaries at any time in the future;

(3) your agreement to cooperate in the investigation of any other parties with which you have or have had a relationship involving the Infringing Material;

(4) copies of all records pertaining to the procurement of the Infringing Material, including the names of all parties that may have imported, exported, distributed or purchased the Infringing Material;

(5) surrender all infringing items in your possession (i.e., any and all IF I DID IT© Manuscripts including, but not limited to, derivative works or compilations thereof)

Be advised that any response which provides anything short of an immediate and voluntary delivery of the above items shall be deemed insufficient and shall be interpreted to mean that you intend to continue distributing the Infringing Material in violation of the law.

Nothing in this letter should be construed as a waiver, relinquishment or election of rights or remedies by Fred Goldman or any of his related companies. Fred Goldman and his related companies expressly reserve all rights and remedies under all applicable federal and state laws.

Very truly yours,

Jonathan D. Polak

JP/wfc

**SOMMER BARNARD**
——————ATTORNEYS, PC——————

638377

1      I, FREDRIC GOLDMAN, hereby declare and states as follows:

2      1.      I am one of the managing members of RON GOLDMAN, LLC., a Nevada Limited

3              Liability Company. in good standing herein.  I am the individual who has

4              knowledge of the facts which are set forth above.

5      2.      I have read the Complaint for Copyright Infringement and am and have reviewed

6              the website commonly known as THE PIRATE BAY which has available for

7              viewing that certain work known as IF I DID IT, which I acquired in the course of

8              scope of various legal proceedings pending in the Superior Court, State of

9              California, County of Los Angeles, and United States Bankruptcy Court, Southern

10             District of Florida (Miami).  The holder and owner of the Copyright is RON

11             GOLDMAN LLC.

12     3.      The facts as set for therein are true and correct based on the information which is

13             available to me, and except as to those matters which are alleged on information

14             and belief and to those matters I believe them to be true.

15                                     *Verification*

16

17     I declare under penalty of perjury that the foregoing is true and correct.

18     Executed on this _____, 2007.

19

20                                                        _____
                                                         Name                    Title I

21

22

23

24

25

26

27

28

NOTICE TO COUNSEL RE: COPYRIGHT, PATENT, AND TRADEMARK REPORTING REQUIREMENTS -
CASE NO.

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON GOLDMAN LLC, a Nevada limited liability company<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>▶ ⋅ CV07-07767 CAS VBKx |
| THE PIRATE BAY, an entity whose organization is unknown and all those named in the attached sheet which is incorporated by reference as though set forth herein.<br><br>DEFENDANT(S). | **SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
David J. Cook, Esq. SBN 060859 _____, whose address is:

COOK COLLECTION ATTORNEYS
PO BOX 270
San Francisco, CA 94104


an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within  20  days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: ____ NOV 2 9 2007 _____    By: _Kendra Beadshu_

Deputy Clerk

*(Seal of the Court)*

## ATTACHED SHEET

JOHN DOE I, individually and dba THE PIRATE BAY;

JOHN DOE II, individually and dba THE PIRATE BAY;

JOHN DOE III, individually and dba THE PIRATE BAY;

ABC, INC., a Swedish corporation dba THE PIRATE BAY;

BLACK & WHITE, a partnership dba THE PIRATE BAY;

THE PIRATE BAY, a joint association and/or partnership

**DEFENDANTS**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RON GOLDMAN LLC, a Nevada limited liability company | THE PIRATE BAY, an entity whose organization is unknown and all those named in the attached sheet |
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) (415) 9894730 DAVID J. COOK, Esq. SBN 060859 COOK COLLECTION ATTORNEYS PO Box 270 San Francisco, CA 94104 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COPYRIGHT INFRINGEMENT   28 U.S.C. 1331, 1332, and 1338.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:   Case Number:

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s):  Pending: 2:07 07308 RGK-E;  Dismissed: 2:06-cv 8104 R MAN

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

 Plaintiff is a Nevada limited liability in which one of the members live in Los Angeles
 County and the place of mailing is San Francisco, California.

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

 The claim has arisen on the internet but the situs of this action is California
 and specifically Los Angeles, California.

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  November 29, 2007

DAVID M. COOK, Esq.  SBN 060859

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 2 of 2